UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS MAYFIELD,

        Plaintiff,                    Case Number: 21-11267
                                                    Honorable Linda V. Parker

v.

MDOC, ET AL.,

        Defendants.
_____/

## ORDER DISMISSING COMPLAINT AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

This matter is before the Court on Michigan state prisoner Cornelius Mayfield's a pro se civil rights complaint filed under 42 U.S.C. § 1983. Mayfield filed his Complaint, which names one defendant, on May 17, 2021. (ECF No. 1.) A month later Mayfield filed an Amended Complaint. The Amended Complaint replaces the initial Complaint. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (stating that, "[g]enerally, amended pleadings supersede original pleadings").[1] Mayfield's claims arise from the revocation of his parole.

---

[1] Even if the Court construed the Amended Complaint as supplementing rather than superseding the Complaint, the Complaint is still subject to sua sponte dismissal. The Michigan Department of Corrections, the only defendant named in the Complaint, is immune from suit under § 1983, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Mayfield makes no specific allegations of a

Mayfield names four defendants: (1) the Michigan Department of Corrections (MDOC); (2) Maribeth Zeller, an administrative law examiner for the MDOC; (3) Armeia King, a parole agent; and (4) David Smith, a senior probation officer.

The Court holds that Mayfield fails to state a claim upon which relief may be granted and names defendants who are immune from suit. Therefore, the Court is dismissing Mayfield's Amended Complaint and closing this action.

## I. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is

---

connection between the claims raised in the Complaint and the three individuals named as defendants in his Amended Complaint.

2

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Discussion

Mayfield's claims arise from the revocation of his parole following a January 26, 2021 parole revocation hearing presided over by Defendant Zeller, an administrative law examiner. Mayfield claims that Zeller relied on false testimony and her own biased opinion when she held that he violated parole. (ECF No. 5 at Pg ID 36.) He also alleges that Defendant King, a parole agent, provided inaccurate reports, and that Defendant Smith, a probation officer, provided false testimony. (*Id.*) Plaintiff's claims are not properly raised in a § 1983 proceeding.

A prisoner may not raise claims in a civil rights action if a judgment on those claims would invalidate his conviction, sentence, or continued confinement unless the conviction or sentence has been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies to challenges to the revocation of parole. *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir.

3

2003). Here, because Mayfield expressly challenges his parole revocation and does not allege that the revocation has been invalidated, his claims are barred under *Heck*.

Furthermore, Mayfield's claims are subject to dismissal based upon Eleventh Amendment immunity. Mayfield sues Defendants in their official capacities only. A suit against an MDOC employee in his or her official capacity is equivalent to a suit brought against the MDOC. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Id.* at 66. "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983, *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted). Plaintiff, therefore, may not maintain his claims against Defendants.

### III. Order

For these reasons, the Court concludes that Mayfield's Amended Complaint fails to state a claim and that Defendants are immune from suit.

Accordingly,

**IT IS ORDERED** that the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2). This dismissal is without prejudice. See *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (en banc) (a dismissal under *Heck* or under the Eleventh Amendment "should generally be made without prejudice").

**IT IS FURTHER ORDERED** that Mayfield's Motion to Appoint Counsel (ECF No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Mayfield may not proceed on appeal in forma pauperis because any appeal in this matter would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                                      s/ Linda V. Parker
                                      LINDA V. PARKER
                                      U.S. DISTRICT JUDGE

Dated: September 29, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 29, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
